IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK D. BOGER, )
)
          Petitioner, )
)
v. ) 1:17CV433
)
MARTY GALLOWAY, et al., )
)
          Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner does not currently state any proper claim for habeas relief. His claims mainly allege potential violations of his constitutional rights regarding the taking of his property and allegedly excessive punishment for a disciplinary infraction. Plaintiff seeks only damages as relief. Such allegations do not state a habeas corpus claim challenging the legality of Petitioner's sentence or conviction or the execution of Petitioner's sentence. Instead, they would have to be brought, if at all, as a civil rights action under 42 U.S.C. § 1983. Petitioner can only file for habeas relief if he challenges his sentence or conviction and he cannot seek monetary damages under § 2254.

2. To the extent Petitioner's filing can be treated as a habeas petition, the Petition was not filed in a proper district. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the

district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497(1973). In this case, it appears that Petitioner is presently in custody in Buncombe County, North Carolina, in the Western District of North Carolina. It further appears that Petitioner's disciplinary infraction occurred in that District. Petitioner should seek the proper forms from the Clerk of that district and file a habeas petition in that district. The address for the Clerk is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. Further, in accordance with § 2241(d), 28 U.S.C. § 1406(a), and the Joint Order of the United States District Courts for the Eastern, Middle, and Western Districts of North Carolina, a § 2254 Petition filed in this District would be transferred to the United States District Court for the Western District of North Carolina. If Plaintiff files a § 2254 Petition in this District, he should address whether the case should be transferred to the Western District of North Carolina.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001).

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and is filed in the correct district.

This, the 18th day of May, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**